IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2013

**MICHAEL L. SMITH v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Lake County**
**No. 11-CR-9640     R. Lee Moore, Jr., Judge**

**No. W2012-01604-CCA-R3-HC  - Filed July 15, 2013**

Petitioner, Michael L. Smith, appeals from the trial court's summary dismissal of the *pro se* petition for habeas corpus relief filed by Petitioner.  After a thorough review of the record and the briefs, we affirm the judgment of the habeas corpus trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Michael L. Smith, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**Background**

On July 24, 1986, Petitioner pled guilty to armed robbery, a Class X crime, that occurred on February 25, 1986. He received an agreed upon forty-year sentence as a Range II, Aggravated and Persistent offender.  The plea agreement stated that the parole eligibility date would be at 40%, and the agreement also stated that Petitioner's sentence "may result in revocation of parole in [the] State of Wisconsin.  Wisconsin may then order that sentence consecutive (in addition to - on top of his Tennessee sentence.)" The judgment entered on July 24, 1986, reflected a 50% parole release eligibility date.  An amended judgment was entered on that same date reflecting a 40% parole release eligibility date.

Petitioner filed his first petition for post-conviction relief on July 22, 1987, which he moved to withdraw, and on April 11, 1988, the trial court dismissed the petition. *Michael L. Smith v.State*, No. 1176, 1991 WL 64550 (Tenn. Crim. App. April 26, 1991) *perm. app. denied* (Tenn. Dept. 9, 1991). On June 30, 1989, Petitioner filed another petition for post-conviction relief essentially raising the same grounds as the first petition. The post-conviction court then dismissed the petition without an evidentiary hearing holding that all issues had been waived because Petitioner had an opportunity to present them in his first petition "but, at his own request, decided not to do so." *Id*. at *1. On appeal, this Court held that the post-conviction court erred in concluding that all of Petitioner's claims for relief had been waived and remanded the cased for an evidentiary hearing. *Id*. at *2. After an evidentiary hearing, the post-conviction court denied the post-conviction petition, and this Court affirmed the denial on appeal. *Michael L. Smith* v. State, No. 03-C-01-9205-CR-00157, 1993 WL 46587 (Tenn. Crim. App. Feb. 24, 1993) *perm. app. denied* (Tenn. June 1, 1993).

On March 15, 1994, Petitioner filed a third petition for post-conviction relief alleging that his counsel in his second post-conviction proceeding was ineffective. The post-conviction court denied the petition without an evidentiary hearing. On appeal, this Court affirmed the denial holding that the petition was barred by the three-year statute of limitations and that the Post-Conviction Procedure Act did not provide a remedy for errors of counsel in post-conviction suits. *Michael L. Smith v. State*, No. 03C01-9501-CR-00010, 1995 WL 380083 (Tenn. Crim. App. June 22, 1995) *perm. app. denied* (Tenn. Nov. 6, 1995).

On August 10, 2004, Petitioner filed a *pro se* petition for writ of habeas corpus. He alleged that his guilty plea was not knowing and voluntary "in that it was based on a 'non-existent' statutory waiver of rights to accurately inform him or misrepresented to him the law regarding the acceptance of his guilty plea." The trial court summarily dismissed the petition concluding that Petitioner failed to present a cognizable claim for relief. This court affirmed the trial court's denial. *Michael L. Smith v. State*, No. E2004-02752-CCA-R3-HC, 2005 WL 1651744 (Tenn. Crim. App. July 13, 2005).

On November 10, 2011, Petitioner filed a second petition for writ of habeas corpus. He argued:

> The defendant was sentenced under the Class X Sentence Law and the judgment order has him charged in multiple ranges (Range II, persistent and habitual criminal). The defendant was sentenced at 50%, but TOMIS Offender Sentence Letter indicates 40% [.] Tennessee Department of Corrections lacks jurisdiction to correct or change a order of the court.

Petitioner noted that in accordance with the "Sentencing Act of 1989," aggravated robbery was a Class B felony with a sentencing range of twelve to twenty years at thirty-five percent for a Range II multiple offender, and twenty to thirty years at forty percent for a Range III persistent offender. Petitioner argued that he could not be charged with "multiple ranges and convicted in this manner."

Petitioner also asserted that at the time of his conviction, he had only two prior felonies which made him a Range II multiple offender and that he was sentenced outside the established guidelines for a Range II offender. Finally, he alleged that there was a discrepancy in the length of sentence that he received and the length that he would have received under the Sentencing Reform Act of 1989. More specifically, Petitioner stated:

> The Sentence Reform Act of 1989 states Aggravated [Robbery] as a Class B felony, at only the Career Offender Range could you encompass a sentence of 40 years, but the percentage could exceed 50% to 60%. This solely displays the reasoning, that the defendant was or may have been convicted as a career offender, outside the guidance established Tennessee's General Assembly.

The habeas corpus court denied the petitioner's petition finding that Petitioner failed to state a cognizable claim for habeas corpus relief. The trial court further stated:

> Discrepancies between the sentence in 1986 and what a sentence for the same offense or offenses might have been after the Sentencing Act of 1989, do not render the judgment void or illegal. In fact, there is no allegation of fact that would make the judgment void or illegal. At best the judgment is voidable.

**Analysis**

On appeal, Petitioner argues that the judgment in his case was "void/voidable" because there was a mistake on the judgment form indicating that his sentence was to be served at fifty percent. He also argues that he was illegally sentenced under the "Habitual Criminal Law and a Class X Crime" and that he should be resentenced under the Tennessee Sentencing Reform Act of 1989. Petitioner asserts that his sentence was excessive because he was sentenced outside of the range for a Range II offender, and he contends that he received ineffective assistance of trial counsel.

The right to habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Summers v. State*, 212

S.W.3d 251, 255 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. *Summers,* 212 S.W.3d at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Id.* at 256; *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *Dykes,* 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The determination of whether habeas corpus relief should be granted is a question of law. *Summers*, 212 S.W.3d at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is *de novo* with no presumption of correctness given to the findings and conclusions of the lower court. *Summers*, 212 S.W.3d at 255; *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. The formal requirements for an application or petition for writ of habeas corpus are found at T.C.A. § 29-21-107:

> (a) Application for the writ shall be made by petition, signed by either the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

> (b) The petition shall state:

>> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and if unknown, describing the person with as much particularity as practicable;

>> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process,

-4-

a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings there shall be produced, or satisfactory reasons should be given for the failure to do so.

T.C.A. § 29-21-107.

Initially we point out, as argued by the State, that Petitioner in this case failed to comply with the mandatory requirements for habeas corpus relief. First, Petitioner failed to state that he had previously sought habeas corpus relief from the present judgment or attach "a copy of the petition and proceedings . . . or [give] satisfactory reasons . . . for the failure to do so." T.C.A. § 29-21-107(b)(4). In his petition, Petitioner stated: "Petitioner aver[s] that this is his first application for Writ of Habeas Corpus of this judgment and that that the legality of such restraints has not been adjudged in a prior proceeding of the same character." However, as previously discussed, Petitioner filed a petition for writ of habeas corpus challenging his judgment in this case on August 10, 2004, and he appealed the denial of his petition to this Court. *Michael L. Smith v. State*, No. E2004-02752-CCA-R3-HC, 2005 WL 1651744 (Tenn. Crim. App. July 13, 2005). Petitioner also failed to comply with T.C.A. § 29-21-107(a) by failing to verify his petition by affidavit. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements. . . ." *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 21.

Although Petitioner failed to follow the procedural requirements necessary for habeas review, we will briefly address his claims. Petitioner seeks review of his sentence claiming that he was sentenced outside of his range and that he should be resentenced under the Tennessee Sentencing Reform Act of 1989. However, Petitioner received the sentence that was agreed upon in his plea agreement under the 1982 Sentencing Act. "[A] knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997). Under the applicable law at the time Petitioner was sentenced, a term of imprisonment of not less than ten years to life imprisonment was authorized for the crime of robbery accomplished by the use of a deadly weapon. T.C.A. § 39-2-501(1982)(repealed 1989); *See also Steve V. Walker v. State*, No. W2006-01170-CCA-R3-HC, 2007 WL 2935620, at *1, 3 (Tenn. Crim. App. Oct. 9, 2007).

Therefore, Petitioner's sentence was proper. Petitioner also argues that there was a mistake on the judgment form indicating that his sentence was to be served at fifty percent rather than the agreed-upon forty percent. However, as previously noted, an amended judgment was later entered reflecting the correct release eligibility of forty percent.

Finally, Petitioner argues that he received ineffective assistance of trial counsel. First, we note that this issue was not raised in the trial court in Petitioner's habeas corpus petition. Therefore, it is waived. Tenn. R. App. P. 36(a). Claims of ineffective assistance of counsel are not cognizable grounds for habeas corpus relief. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

It is obvious that nothing in the record indicates that Petitioner's conviction or sentence is void. The habeas corpus trial court may summarily dismiss a habeas corpus petition without an evidentiary hearing if there is nothing on the face of the record or judgment to indicate that the conviction or sentence are void. *Passarella*, 891 S.W.2d at 627; *see also* Tenn. Code Ann. § 29-21-109 (2010 Repl.). Petitioner is not entitled to relief on appeal. The judgment of the habeas corpus trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE